UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>Plaintiff,<br><br>v.<br><br>STOHL, STERN, J. SAUCEDO, K. SUDANO, M. DOBE, GUNSAGA,<br><br>Defendants. | Case No. 1:24-cv-00695-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>(Doc. No. 13)<br><br>ORDER DISREGARDING AS MOOT DUPLICATE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>(Doc. No. 14)<br><br>ORDER STRIKING PLAINTIFF'S MOTION TO PLACE ALL EXHIBITS ON RECORD<br><br>(Doc. No. 15)<br><br>ORDER STRIKING PLAINTIFF'S FIFTH LETTER TO THE COURT<br><br>(Doc. No. 22) |

On March 8, 2024, Plaintiff David Arthur DePonte filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 in the Northern District of California. (Doc. No. 1). On June 12, 2024, prior to screening, this case was transferred to the Eastern District of California. (Doc. No. 19). Now pending before the Court are several pleadings filed by Plaintiff. The first is a Motion for Leave to File an Amended Complaint, filed on May 1, 2024. (Doc. No. 13). Plaintiff also

1

filed a duplicate of the same Motion the same day.  (Doc. No.14).  Also on May 1, 2024, Plaintiff filed a Motion to Place All Exhibits on Record, to which he attaches more than 75 pages of exhibits.  (Doc. No. 15).  Finally, on June 17, 2024, Plaintiff filed a Letter in which he asks the Court to advise the Warden of his institution that "if there is anymore [sic] legal Interference or legal mail tampering the Attorney General will file charges."  (Doc. No. 22 at 2).  For reasons set forth below, the Court grants the Motion to Amend the Complaint, disregards as moot the duplicate Motion to Amend, and denies the Motion to Place All Exhibits on Record and strikes Plaintiff's June 17, 2024 Letter.

## MOTION TO AMEND

On May 1, 2024, prior to the Northern District of California screening his Complaint, Plaintiff filed a Motion to Amend his Complaint, which includes a proposed First Amended Complaint.  (*See* Doc. No. 13).  Federal Rule of Civil Procedure 15 permits, *inter alia*, a party as a right to file an amended complaint before a defendant is served and responds.  Fed. R. Civ. P. 15(a)(1)(A).  Also, a pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  Thus, the Court grants the motion and deems the proposed First Amended Complaint the operative pleading.  (Doc. No. 13 at 2-7).  The Court will screen the First Amended Complaint in due course.  The Court will disregard Plaintiff's duplicate Motion to Amend (Doc. No. 14) filed the same day.

## MOTION TO PLACE ALL EXHIBITS ON RECORD

On May 1, 2024, Plaintiff filed a pleading titled, "Motion to Place All Exhibits on Record" to which Plaintiff attaches various exhibits related to the claims asserted in his Complaint and FAC, including numerous grievances Plaintiff filed through the prison administrative grievance process.  (*See* Doc. No. 22).  Liberally construed, Plaintiff asks the Court to accept the exhibits and consider them in ruling on some unspecified or future motion.  (*See generally id*).

As the Court advised Plaintiff in its First Informational Order:

[t]he Court will not serve as a repository for evidence.  The Parties

2

> may not file evidence (prison, disciplinary or medical records, witness affidavits, etc.) with the Court until it becomes necessary to do so in connection with a motion for summary judgment, trial or the Court requests otherwise. Evidence improperly submitted to the Court may be stricken/returned. Similarly a pro se plaintiff need not attach exhibits to his complaint to prove the truth of what is said in the complaint. For Court screening purposes, facts stated in complaints are accepted as true.

(Doc. No. 21 at 3 ¶ J). Because there is no pending motion for summary judgment and no evidence is necessary for purposes of screening Plaintiff's first amended complaint, the Court denies Plaintiff's Motion to Place All Exhibits on Record in accordance with the First Informational Order and strikes the pleading from the docket.

### PLAINTIFF'S FIFTH LETTER TO THE COURT

On June 17, 2024, Plaintiff filed an untitled pleading, which he refers to as his "5th letter to this Honorable Court."[1] (Doc. No. 22). In it, Plaintiff expresses his concern that he has "not received any documents from this case" and that he has "sent several Motions" and learned of various violations of his rights by prison authorities. (*Id*. at 1). Plaintiff also asserts that he "filed for A restraining order on All parties in this case," although no motion for a temporary restraining order is pending in this matter. (*Id*.; *see* docket). Finally, Plaintiff requests the Court "contact the Warden and Advise him (Brain [sic] Phillips) if there is anymore legal Interference or legal mail tampering the Attorney General will file charges." (Doc. No. 22 at 1).

As set forth in the Court's First Informational Order, "[a] document requesting a court order must be styled as a motion. Letters to the Court or a judge may be stricken/returned." (Doc. No. 21 at 2 ¶ C) (citing Fed. R. Civ. P. 7). Plaintiff's letter to the court is an improper pleading and the Court will therefore strike it under Rule 7 of the Federal Rules of Civil Procedure and the First Informational Order. Moreover, to the extent Plaintiff seeks an injunction or a temporary restraining order, he has failed to follow the requirements set forth in Fed. R. Civ. P. 65 and Local Rule 231, including, *inter alia*, a brief on all relevant legal issues presented by the motion and an affidavit in support of the existence of an irreparable injury. *See* L.R. 231(c)-

---

[1] While Plaintiff apparently filed several letters prior to this case being transferred to the Eastern District of California on June 12, 2024, this is the first letter Plaintiff has filed since the case was assigned to this Court.

(d) (E.D. Cal. 2023).  Thus, alternatively, the Court will strike Plaintiff's letter for failure to comply with Fed. R. Civ. P. 65 and Local Rule 231.

    Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Leave to Amend his Complaint (Doc. No. 13) is **GRANTED**.
2. The Court shall separately docket Plaintiff's proposed amended complaint (Doc. No. 13 at 2-7)  as a separate pleading titled "First Amended Complaint."
3. The Court will screen Plaintiff's First Amended Complaint in due course.
4. Plaintiff's duplicative Motion for Leave to Amend (Doc. No. 14) is disregarded as moot.
5. Plaintiff's Motion to Place All Exhibits on Record (Doc. 15) is **DENIED,** and the Clerk is ordered to **STRIKE** them from the docket.
6. The Clerk of Court is ordered to **STRIKE** Plaintiff's Fifth Letter to the Court (Doc. No. 22) from the docket.

Dated:    June 21, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE