UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>Plaintiff,<br><br>v.<br><br>STOHL, STERN, J. SAUCEDO, K. SUDANO, M. DOBE, GUNSAGA,<br><br>Defendants. | Case No. 1:24-cv-00695-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SPECIFIC PERFORMANCE<br><br>(Doc. No. 33) |

Plaintiff, a prisoner confined within the California Department of Corrections and Rehabilitation ("CDCR"), proceeds pro se in this civil rights action on his First Amended Complaint. (Doc. No. 26). Pending before the Court is Plaintiff's pleading titled "Motion for Specific Performance," filed July 12, 2024. (Doc. No. 33, "Motion"). Plaintiff brings the Motion pursuant to "Civil Proc s 2031 10(a)((B)(C)(D),"[1] requesting "the Court to issue a subpoena" to obtain "evidentiary proof to substantiate [his] claim[s]." (*Id*. at 1). Specifically, Plaintiff seeks access to an unspecified "confidential file" in the possession of CDCR. (*Id*.).

The Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices and remedies. *Jules Jordan Video, Inc. v. 144942*

---

[1] The Court infers that Plaintiff is referring to California Code of Civil Procedure Section 2031.010. Cases in federal courts are governed by the Federal Rules of Civil Procedure, not the California Code of Civil Procedure. Therefore, the cited provision is inapplicable in this case.

1

*Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). Generally, when a party fails to comply with a proper discovery request, the non-offending party moves under Rule 37 for a motion to compel. Fed. R. Civ. P. 37 (a)(1). Alternatively, Federal Rule of Civil Procedure 45 subpoenas are used to obtain documents or testimony from non-parties. Fed. R. Civ. P. 45. Because Plaintiff's seeks an order compelling disclosure of CDCR files, which would be in the possession of a party if this case were to proceed, the Court construes the pleading as motion to compel discovery, as opposed to a Rule 45 subpoena.

Nonetheless, on July 17, 2024, the Court issued a screening order finding Plaintiff's First Amended Complaint had failed to state a claim and afforded Plaintiff, *inter alia*, an opportunity to file an amended complaint. (Doc. No. 35). In the interest of judicial economy, the Court typically does not begin the discovery process until the operative complaint has been screened, any eligible defendants have been served, and those defendants have answered the complaint. *See Hernandez v. Williams*, 2019 WL 5960089 (S.D. Cal. April 27, 2022). Because no party has yet been served much less been made subject to a discovery and scheduling order, Plaintiff's Motion is premature. Moreover, Plaintiff's Motion is made pursuant to the California Code of Civil Procedure, which is inapplicable in federal court.

Accordingly, it is **ORDERED**:

Plaintiff's construed Motion to Compel Discovery (Doc. No. 33) is **DENIED** without prejudice as premature.

Dated:   July 29, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2