UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>    Plaintiff,<br><br>    v.<br><br>CAPT. STOHL, et al.,<br><br>    Defendants. | Case No. 1:24-cv-00695-KES-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 36) |

Pending before the Court is Plaintiff's motion to appoint counsel. (Doc. No. 36). Plaintiff seeks appointment of counsel on various grounds, including, *inter alia*, that his case involves allegations of retaliation and mail tampering, will involve multiple witnesses and competing evidence, is complex in Plaintiff's opinion, and his access to the law library is limited. (*See generally Id.*).

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action on his First Amended Complaint ("FAC"). (Doc. Nos. 24, 26). On July 17, 2024, the Court screened Plaintiff's FAC and found it failed to state any cognizable federal claim. (Doc. No. 35). Plaintiff was afforded the opportunity to file an amended complaint. (*Id.*).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). While this Court has discretionary

1  authority under 28 U.S.C. § 1915(e)(1) to appoint counsel for an indigent person to commence,
2  prosecute, or defend a civil action, this discretion is exercised only upon a showing of
3  "exceptional circumstances." *United States v. McQuade*, 519 F.2d 1180, 1181 (9th Cir. 1978).
4  The court may consider many factors to determine if exceptional circumstances warrant
5  appointment of counsel including, but not limited to, proof of indigence, the likelihood of success
6  on the merits, and the ability of the plaintiff to articulate his or her claims pro se in light of the
7  complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520,1525 (9th
8  Cir. 1997).

9  Plaintiff at this stage has not met his "burden of demonstrating exceptional
10 circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Although
11 Plaintiff was granted permission to proceed *in forma pauperis*, neither his indigence, nor his
12 proceeding *pro se* and incarcerated statuses constitute exceptional circumstance because he faces
13 the same obstacles all *pro se* prisoners face.  Challenges conducting discovery and preparing for
14 trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for
15 appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020);
16 *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel
17 because the plaintiff's "circumstances were not exceptionally different from the majority of the
18 challenges faced by pro se litigants.").  Regarding Plaintiff's complaints concerning his restricted
19 use of the law library, "[p]risoners have a right to meaningful access to the courts, but there is no
20 absolute right to use a prison law library." *Springfield v. Khalit*, 2018 WL 5980155, at *3 (E.D.
21 Cal. Nov. 14, 2018) (*citing Lewis v. Casey*, 518 U.S. 343, 346 (1996)).  To the extent Plaintiff
22 requires additional time to comply with a court order or research his claim, he may move for an
23 extension of time, which the Court is lenient in granting.  And, contrary to Plaintiff's assertion,
24 the Court does not find the issues are "so complex that due process violations will occur absent
25 the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993).

26 As noted above, the Court found in its screening order that Plaintiff's FAC does not state a
27 cognizable federal claim for relief, weighing against appointment of counsel. *McQuade*, 519 F.2d
28 at 1181.  Furthermore, the Court has not yet entered a Discovery and Scheduling Order.

Consequently, this case procedurally is at the earlier stages of litigation, so it is difficult for the Court to determine Plaintiff's likelihood of success on the merits. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Reed v. Paramo*, 2020 WL 2767358, at *1 (S.D. Cal. May 28, 2020) (holding it was too early to determine plaintiff's likelihood of success on the merits because fact discovery had not been completed). Should this case proceed and Plaintiff's circumstances change, he may renew his motion at a later time.

Accordingly. it is **ORDERED**:

Plaintiff's motion requesting the appointment of counsel (Doc. No. 36) is DENIED without prejudice.

Dated:    July 29, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE