UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STOHL, et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-00695-KES-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(Doc. No. 34)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff David Arthur DePonte a state prisoner is proceeding on his First Amended Complaint ("FAC") alleging claims for First Amendment retaliation and Fourteenth Amendment due process violations. (See Doc. No. 26). On July 12, 2024, Plaintiff filed a "Motion to Order Prison to Stop Any Legal Mail Tampering, Interference of Denying Petition Access to Law Library" (Doc. No. 34, "Motion"). For the reasons discussed below, the undersigned recommends that the district court deny Plaintiff's Motion.

**I. BACKGROUND AND ALLEGED FACTS**

**1. Allegations in FAC**

The gravamen of Plaintiff's FAC is that various prison officials at California Substance

Abuse Treatment Facility ("SATF") issued Plaintiff a false rule violation report ("RVR") and then violated Plaintiff's due process rights by failing to properly investigate the claim and denying his requests related to the disciplinary hearing. (Doc. No. 26 at 1-4). On July 12, 2024 the Court screened Plaintiff's FAC and found that it failed to state any cognizable federal claim. (*See* Doc. No. 35). Plaintiff's response to the Screening Order is due August 19, 2024. (*Id*. at 13).

### 2. Motion for Injunctive Relief

On July 12, 2024, Plaintiff filed a pleading titled "Motion to Order Prison to Stop any Legal Mail Tampering, Interference or Denying Petition [sic] Access to Law Library," which the Court construes as a motion for preliminary injunction. (Doc. No. 34). In it, Plaintiff seeks "an order to CLSATF state prison warden if anymore [sic] legal mail tampering, losing petitioners [sic] legal mail or any legal mail interference the Attorney General will Arrest the warden, [and] All staff assigned to handle any incoming or out-going legal mail from or to Petitioner." (*Id*. at 2). Plaintiff "further request[s] the Court to order the Warden to stop the law library supervisor V. Hampson from ANY denials, to the law library, or ANY shortages of materials AS petitioner is pro se in this 42 U.S.C. 1983." (*Id*.) (capitalization in original). Because the Motion asks the Court to issue an order directing the Warden, a non-party, to take a particular action, the undersigned construes the Motion as seeking injunctive relief.[1]

## II.  APPLICABLE LAW

The primary purpose of a preliminary injunction is preservation of the status quo. *See, e.g., Ramos v. Wolf*, 975 F.3d 872, 887 (9th Cir. 2020). More specifically, the purpose of a preliminary injunction is preservation of the Court's power to render a meaningful decision after a trial on the merits. *See, e.g., Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Barth v. Montejo*, 2021 WL 1291962, at *1 (E.D. Cal. Apr. 7, 2021). It is meant to maintain the relative positions of the parties and prevent irreparable loss of rights before a trial and final judgment.

---

[1] A motion's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (*quoting Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, we "construe [the motion], however styled, to be the type proper for the relief requested." *Id*.

*See, e.g., Camenisch*, 451 U.S. at 395; *Ramos*, 975 F.3d at 887; *Doe #1 v. Trump*, 957 F.3d 1050, 1068 (9th Cir. 2020).

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (*citing Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20–22 (2008)); *see also All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009); *see Stormans*, 586 F.3d at 1127; *Cottrell*, 632 F.3d at 1131.  Under *Winter*, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  *See, e.g., Winter*, 555 U.S. at 20; *Stormans*, 586 F.3d at 1127; *Cottrell*, 632 F.3d at 1131.

A preliminary injunction is an extraordinary remedy that is not awarded as of right. *Winter*, 555 U.S. at 24; *Cottrell*, 632 F.3d at 1131.  The burden to achieve injunctive relief is particularly high when a party seeks a mandatory injunction.  *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).  Mandatory injunctions go beyond an injunction preventing a party from acting, and thus beyond mere maintenance of the status quo.  *See id*.  They require a party to act.  *Id*.  District courts must deny requests for mandatory injunctions unless the law and facts clearly favor a moving party.  *Id*.  The Court will not grant such requests in doubtful cases.  *Id*. *Driver v. Gibson*, 2021 WL 1811995, at *1–2 (E.D. Cal. May 6, 2021), *report and recommendation adopted*, 2021 WL 3630386 (E.D. Cal. Aug. 17, 2021)

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's

attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Further, the injunctive relief an applicant requests must relate to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief. *Id.* at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020); *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

### III. DISCUSSION

As a threshold matter, the Motion seeks an injunction against the Warden of SATF, who is not a party to this action. The pendency of an action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Instead, the Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at

491-93; *Mayfield*, 599 F.3d at 969.  Further, the undersigned finds Plaintiff has not satisfied his burden to warrant issuance of this extraordinary remedy.  Plaintiff has not complied with Local Rule 231(d).  There is no showing of actual or attempted notice; and, other than requesting the relief, Plaintiff fails to provide any briefing, other than conclusory statements, on the implicated legal issues.  Nor does Plaintiff provide any affidavits attesting to imminent irreparable harm.

The Motion alleges that unnamed prison officials are interfering with Plaintiff's legal mail but provides no factual support for this conclusory assertion, in an affidavit or otherwise.  (*See* Doc. No. 34).  Plaintiff does not articulate how the interference with his mail will cause him irreparable harm.  At best, Plaintiff implies that some harm is *possible* if the Court does not act to restrain prison officials from interfering with his mail.  However, to grant a preliminary injunction the Court must find that imminent, irreparable harm is likely in the absence of a Court order.  *Am. Trucking Ass'ns, Inc.*, 559 F.3d at 1052; *see Stormans*, 586 F.3d at 1127; *Cottrell*, 632 F.3d at 1131.  Nor does Plaintiff's allegation that he is being denied priority legal user status establish such imminent, irreparable harm.  Plaintiff has not articulated in what way the library staff's actions will cause imminent irreparable harm to his legal rights.  Without such a showing, injunctive relief is not appropriate.

In summary, the undersigned finds the Court does not have personal jurisdiction over the Warden and Motion is otherwise deficient to warrant the issuance of a preliminary injunction.

ACCORDINGLY, it is **RECOMMENDED**:

Plaintiff's construed motion for a preliminary injunction (Doc. No. 34) be **DENIED**.

////

////

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case under the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified

1  time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39
2  (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  July 29, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE