UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>Plaintiff,<br><br>v.<br><br>STOHL, STERN, J. SAUCEDO, K. SUDANO, M. DOBE, GUNSAGA,<br><br>Defendants. | Case No. 1:24-cv-00695-KES-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION<br><br>(Doc. No. 54) |

On December 20, 2024, Plaintiff filed a "Motion to Stop Legal Interference." (Doc. No. 54, "Motion"). The Motion complains that "Mule Creek" is not allowing Plaintiff "PLU"[1] access to the law library for his case. (*See generally Id*.). Plaintiff claims that the interference is denying him access to court. (*Id*. at 2). Plaintiff also advises that another inmate is using his name and he has not authorized any inmate to assist him with any case. (*Id*.).

At the outset, although labeled a "Motion," the pleading does not seek any relief. (*Id*.). Nonetheless, to the extent is seeks an order to stop the alleged legal interference, the Court denies the Motion. Plaintiff's Motion does not specify which official is interfering with his ability to gain access to the law library. Nor does Plaintiff describe how the law library access he receives

---

[1] Inmates who have established court deadlines may apply for PLU status. Cal. Code of Regs. tit. 15, § 3122(b). Inmates who are granted PLU status based on their application shall receive higher priority to prison law library resources than other inmates. *Id.*

1

because of his alleged inability to obtain PLU status is inadequate to prosecute the instant action. Finally, the Court notes that Plaintiff's operative complaint has not yet been served so Plaintiff currently is not under any deadlines in this case. Based on Plaintiff's sparse and unclear allegations, the Court cannot grant Plaintiff any relief.

Accordingly, it is ORDERED:

The Court DENIES Plaintiff's Motion to Stop Legal Interference (Doc. No. 48).


Dated:   February 20, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2