UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>STOHL, STERN, J. SAUCEDO, K. SUDANO, M. DOBE, GUNSAGA,<br><br>　　　　　Defendants. | Case No.  1:24-cv-00695-KES-HBK<br><br>ORDER DISREGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 55) |

On January 8, 2025, Plaintiff filed a "Motion for Summary Judgment." (Doc. No. 55, "MSJ"). The MSJ comprises three pages. Plaintiff claims that he is entitled to summary judgment against all defendants on the claims raised in his complaint.[1] (*See generally*, *Id.*).

On August 28, 2024, the undersigned issued Findings and Recommendations to permit Plaintiff to proceed on his Second Amended Complaint on the claims deemed cognizable and dismiss the remaining claims and defendants. (Doc. No. 45, "F&R"). Plaintiff filed objections to the F&R. (Doc. No. 47). As of the date of this Order, the district court has not ruled on the F&R. (See docket). Thus, Defendants have not yet been served in this action. (*See Id.*). Until the district court rules on the F&R and determines which of Plaintiff's claims against which defendants are cognizable, no Defendant is required to file an answer or other responsive

---

[1] The Court deems Plaintiff's Second Amended Complaint (Doc. No. 41) the operative complaint.

1

1  pleading. Indeed, the Court's First Information Order in Prisoner/Civil Detainee Civil Rights
2  Action advised Plaintiff that he may not proceed in an action against a governmental entity until
3  the Court screens a pro se plaintiff's complaint and finds it states a cognizable claim against
4  named defendants. (*See* Doc. No. 20 at 3:20-22).

5  Although Federal Rule of Civil Procedure 56 "allows a motion for summary judgment to
6  be filed at the commencement of an action, in many cases the motion will be premature until the
7  nonmovant has had time to file a responsive pleading or other pretrial proceedings have been
8  had." Fed. R. Civ. P. 56, Advisory Committee's Notes (2010 Amendments, Note to Subdivision
9  (b)). Courts routinely deny motions for summary judgment as premature when the opposing
10 party has not been served. *See*, e.g., *Carr v. Pruitt*, No. 1:17-cv-01769-DAD-SAB-PC, 2020 WL
11 3470349, at *1 (E.D. Cal. June 25, 2020); *Williams v. Yuan Chen*, No. S-10-1292 CKD P, 2011
12 WL 4354533, at * 3 (E.D. Cal. Sept. 16, 2011); *Moore v. Hubbard*, No. CIV-S-06-2187 FCD
13 EFB P, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009).

14 Furthermore, Plaintiff's MSJ does not contain a statement of undisputed facts, and does
15 not cite to any evidence in the record to support his argument. (*See generally* Doc. No. 55).
16 Therefore, the Court also finds the MSJ procedurally deficient under Federal Rule of Civil
17 Procedure 56 and Local Rule 260(a). The Court will accordingly disregard Plaintiff's MSJ as
18 premature and facially deficient without ruling on the merits of the MSJ. Plaintiff may refile or
19 renew his MSJ after Defendants have been served.

20 Accordingly, it is ORDERED:

21 The Court DISREGARDS Plaintiff's Motion for Summary Judgment (Doc. No. 55).

23 Dated:    February 20, 2025

24                                                            HELENA M. BARCH-KUCHTA
                                                              UNITED STATES MAGISTRATE JUDGE