UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>Plaintiff,<br><br>v.<br><br>STOHL, STERN, J. SAUCEDO, K. SUDANO, M. DOBE, GUNSAGA,<br><br>Defendant. | Case No. 1:24-cv-00695-KES-HBK<br><br>ORDER GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AS PREMATURE OR IN THE ALTERNATIVE AS MOOT<br><br>(Doc. Nos. 68, 70) |

On July 3, 2025, Plaintiff filed a motion seeking to enforce the global settlement agreement he reached with the California Department of Corrections ("CDCR") in this action. (Doc. No. 68). Plaintiff claims he has not received the settlement payment of $2,500 as agreed by the parties and requests that the court enforce the terms of the agreement. (*Id*. at 1).

On September 5, 2025, the Court entered a Minute Order directing Defendants to respond to Plaintiff's motion. (Doc. No 69). Defendants filed their response to Plaintiff's motion to enforce settlement on September 16, 2025. (Doc. No. 70). Therein, Defendants ask the court to take judicial notice of the opposition Defendant's filed in plaintiff's companion case, *DePonte v. Bowman*, No. 2:24-cv-01262-DJC-CSK (E.D Cal. July 9, 2025) (Doc. No. 85), which addressed a global settlement of both cases. (Doc. No. 70 at 2). Plaintiff did not file a reply to the Defendants' opposition and the time do so has expired. Local Rule 230(l).

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[C]ourt filings and other matters of public record" are properly judicially noticed. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir.2006); *see also Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388, fn.9 (9th Cir. 1987). Additionally, courts generally judicially notice other court proceedings "if those proceedings have a direct relation to the matters at issue." *United States ex. Rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011). The Court finds it proper to take judicial notice of Defendant's opposition filed in *DePonte v. Bowman*, No. 2:24-cv-01262-DJC-CSK (E.D Cal. July 9, 2025) (ECF No. 85) and will consider it as Defendants' response to Plaintiff's motion to enforce settlement filed on July 3, 2025.

In their response, Defendants cite to the terms of the settlement agreement terms and point out the deadline for CDCR to pay the agreed on settlement amount is September 28, 2025, 180 days after Plaintiff had delivered the signed settlement agreement to the Defendants. (Doc. No. 70 Ex. A at 1-2). Defendants point out that because Plaintiff filed his motion to enforce settlement on July 3, 2025 and the settlement payment was not due until September 28, 2025, Defendants argue that Plaintiff's motion is premature. The Court agrees.

Further, on October 1, 2025, Plaintiff filed a subsequent motion to enforce settlement. (Doc. No. 71).[1] Plaintiff's second-filed motion moots his earlier filed motion. Thus, in the alternative, Plaintiff's earlier filed motion is moot.

ACCORDINGLY, it is **ORDERED**:

1. Defendants' request for judicial notice is (Doc. No. 70) GRANTED.

2. Plaintiff's motion to enforce settlement agreement (Doc. No. 51) is DENIED without

---

[1] Defendants' response to Plaintiff's second-filed motion is not yet ripe.

prejudiced as premature, or in the alternative is MOOTED by Plaintiff's second-filed motion.

3. Defendants shall file a response to Plaintiff's second-filed motion (Doc. No. 71) no later than October 22, 2025.

4. Plaintiff's reply, if any, is due no later than November 5, 2025.

Dated:    October 10, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3