UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STOHL, STERN, J. SAUCEDO, K. SUDANO, M. DOBE, GUNSAGA,<br><br>　　　　Defendants. | Case No.  1:24-cv-00695-KES-HBK<br><br>ORDER DIRECTING PLAINTIFF TO FILE REPLY OR ADVISE IF MOTION IS MOOT<br><br>ORDER DENYING PLAINTIFF'S CONSTURED MOTION TO SEAL<br><br>(Doc. Nos.  71, 75)<br><br>DECEMBER 15, 2025 DEADLINE |

　　　　On October 10, 2025, Plaintiff filed a second motion seeking to enforce the global settlement agreement he reached with the California Department of Corrections ("CDCR") in this action. (Doc. No. 71).  Plaintiff claims that he has not received the settlement payment as agreed by the parties at a settlement conference and requests that the court enforce the terms of the settlement agreement.  (*Id*. at 1).

　　　　On November 21, 2025, Defendants filed a status report and opposition to Plaintiff's motion.  (Doc. No. 76).  Therein, Defendants advise that payment of the settlement amount had been paid by the accounting office to Plaintiff's trust account on October 22, 2025.  (*Id*. at 2:6-7). Defendants submit documents confirming the transmission was scheduled on October 15, 2025, and tendered on October 22, 2025.  (Sheps Decl. ¶3; Ex. A).  Absent Plaintiff contradicting these

1   facts, Plaintiff's motion appears to be moot.

2   Additionally, pending is Plaintiff's request to remove references to the settlement amount
3   from the docket citing privacy concerns and asserting that such references were improper as
4   settlements are inherently confidential. (Doc. No. 75). Specifically, Plaintiff points to this
5   Court's October 10, 2025 Order as improperly disclosing the settlement amount and which he
6   wishes removed from public assess. Liberally construed, Plaintiff seeks to seal any documents
7   that references the settlement amount. For the court to permit a document to be filed under seal, a
8   party must articulate "compelling reasons supported by specific factual findings" which, on
9   balance, "outweigh the general history of access and the public policies favoring disclosure."
10  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

11  At the outset, Plaintiff placed the settlement agreement in issue when he filed his first
12  motion with the court seeking to enforce the settlement agreement terms on July 3, 2025. (Doc.
13  No. 68). When either party to a settlement agreement places it in dispute, the terms of the
14  settlement, including the amount of the settlement, are commonly revealed and part of the record.
15  *See e.g., Vaughn v. Teran*, No. 1:17-CV-00966-HBK, 2024 WL 3395824, at *3 (E.D. Cal. July
16  12, 2024); *Hicks v. Robles*, No. 1:18-CV-01481-KES-EPG, 2025 WL 470848, at *1 (E.D. Cal.
17  Feb. 12, 2025), *report and recommendation adopted*, No. 1:18-CV-01481-KES-EPG (PC), 2025
18  WL 900713 (E.D. Cal. Mar. 25, 2025); *Dunsmore v. Thomas*, No. 2:17-CV-02355-KJM-AC,
19  2025 WL 1025213, at *1 (E.D. Cal. Apr. 7, 2025).

20  Furthermore, contrary to Plaintiff's assertions that the Court first disclosed the settlement
21  amount, it was Plaintiff who first revealed the amount of the settlement in this motion. (*Id*. at
22  1:14-15). Plaintiff does not aver that a confidentiality agreement was part of the negotiated
23  settlement. And, to the extent any confidentiality existed, Plaintiff waived it when he disclosed
24  the settlement amount in his first-filed motion. Moreover, this case involves a governmental
25  entity and the public's right to access this information outweighs Plaintiff's private interest in
26  confidentiality. *See Foltz v. State Farm Mut. Auto Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003)
27  (noting "strong presumption in favor of access to court records"). Thus, the Court does not find
28  Plaintiff has shown a compelling interest to seal either his motion or this Court's order issued on

October 10, 2025 in which the court referred to the settlement amount as previously revealed in Plaintiff's motion. (Doc. No. 72 at 1:20-21).[1]

ACCORDINGLY, it is **ORDERED**:

1. **No later than December 15, 2025**, Plaintiff shall deliver to correctional officials for mailing either a reply to Defendants' status report and opposition; or a motion to withdraw his motion seeking to enforce the global settlement agreement as moot.

2. If Plaintiff fails to file either a reply or motion to withdraw, the Court will deem Defendants' representation that the settlement funds have been paid as uncontested and will issue a Findings and Recommendation to the district court to deny Plaintiff's motion as moot.

3. Plaintiff's motion to remove references to the settlement agreement (Doc. No. 75), construed as a motion to seal, is DENIED.

Dated:   November 26, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant's opposition to Plaintiff's first motion (Doc. No. 70) did not include the amount of the settlement.