UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STOHL, et al.,<br><br>　　　　　Defendants. | Case No.  1:24-cv-00695-KES-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION AS MOOT<br><br>(Doc. No.  71)<br><br>FOURTEEN-DAY DEADLINE |

　　　　On October 1, 2025, Plaintiff filed a second[1] motion seeking to enforce payment in connection with a global settlement agreement he reached with the California Department of Corrections ("CDCR") in this action and his companion case, *DePonte v. Bowman*, Case No. 2:24-cv-01262-DJC-CSK (E.D. Cal. July 9, 2025).  (Doc. No. 71).  Plaintiff claims that as of the date he signed the motion –September 28, 2025—he has not received the settlement payment as agreed by the parties at a settlement conference and requests that the court enforce the terms of the settlement agreement and assess late penalties.  (*Id*. at 2-3).

　　　　After being granted an extension of time, Defendants filed a status report and opposition to Plaintiff's motion on November 21, 2025.  (Doc. No. 76).  Defendants attach the Declaration of Ari Sheps, Deputy Attorney General.  Deputy Attorney General Sheps attests that "CDCR's

---

[1] The Court found Plaintiff's first motion to enforce the settlement agreement filed on July 3, 2025, was prematurely filed.  (Doc. No. 72).

1   accounting office" confirmed that "the settlement funds had been processed on October 15, 2025,
2   and paid on October 22, 2025." (*Id*. at 4, ¶ 3). Defendants attach a copy of the payment
3   processing packet as an exhibit. (*Id*. at 5-16, Exhibit A).
4       On November 26, 2025, the Court issued an order directing Plaintiff to file either a reply
5   to Defendants' opposition or a request to withdraw his motion as moot by December 15, 2025.
6   (Doc. No. 77 at 3). The Court informed Plaintiff that failure to file either a reply or a request to
7   withdraw his motion would result in the Court deeming Defendants' representation that the
8   settlement has been paid as uncontested and issuing Findings and Recommendations that the
9   district court deny Plaintiff's motion as moot. (*Id.* at 3 ¶ 2). Plaintiff has neither filed a reply to
10  Defendants' opposition nor a request to withdraw his motion, and the deadline to do so has since
11  expired. (*See* Docket).
12      ACCORDINGLY, it is **RECOMMENDED**:
13      That the district court deny Plaintiff's motion to enforce settlement agreement (Doc. No.
14      71) as MOOT.[2]

### NOTICE TO THE PARTIES

16      Recommendations will be submitted to the United States District Judge assigned to this
17  case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with
18  a copy of these Findings and Recommendations, a party may file written objections with the
19  Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate
20  Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will
21  not consider exhibits attached to the Objections. To the extent a party wishes to refer to any
22  exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page
23  number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in
24  excess of the fifteen (15) page limitation may be disregarded by the District Judge when

---

[2] On March 19, 2025, the parties participated in a settlement conference before U.S. Magistrate Judge Jeremy D. Peterson. (Doc. No. 60). The minutes do not reflect that the court agreed to retain jurisdiction for purposes of enforcing the settlement. (*Id*.). The Court need not determine whether it retained jurisdiction to enforce the settlement agreement due to the Court's finding that the motion is moot.

reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     December 29, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE