

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DEPONTE, | Case No.  1:24-cv-00695-KES-HBK |
| Plaintiff, | AMENDED FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION |
| v. | |
| STOHL, et al., | (Doc. 71) |
| Defendants. | FOURTEEN DAY DEADLINE |

On December 29, 2025, after Plaintiff failed to file a timely reply or opposition, the undersigned issued Findings and Recommendations to deny as moot Plaintiff's motion filed on October 1, 2025, seeking to enforce payment in connection with a global settlement agreement he reached with the California Department of Corrections and Rehabilitation ("CDCR") in this action and his companion case, *DePonte v. Bowman*, Case No. 2:24-cv-01262-DJC-CSK (E.D. Cal. July 9, 2025) ("*Bowman*").[1]  (Doc. 78).  The court's finding of mootness stemmed from Defendants' confirmation that "the settlement funds had been processed on October 15, 2025, and paid on October 22, 2025."  (*Id.* at 2).[2]

---

[1] The court takes judicial notice of the docket and  filings in *DePonte v. Bowman*, No. 2:24-cv-01262-DJC-CSK (E.D. Cal. July 9, 2025). *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc*., 971 F.2d 244, 248 (9th Cir. 1992) (Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."

[2] Because the court found the motion moot, the court did not determine whether it retained jurisdiction to

On January 8, 2026, Plaintiff filed objections, which the court construed as a belated response, arguing his motion is not moot. (Docs. 79, 80). Plaintiff argues his motion was not moot and he was entitled to late fees and additional damages in addition to the settlement amount. (Doc. 79). After the court directed Defendants to respond to the construed belated response, Defendants filed a response. (Doc. 81). Defendants maintain that this Court lacks jurisdiction to consider Plaintiff's motion to enforce the settlement. (*Id.* at 3-4). Defendants further argue that the terms of the settlement agreement provided only that Defendants would make a "good faith" effort to pay the settlement amount in 180 days, and Plaintiff cannot show bad faith to warrant an award of penalties for the minor 17-day delay. (*Id.* at 4). Plaintiff did not file a reply to Defendants' response and the time to do so has expired.

## APPLICABLE LAW

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am. Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992). A claim alleging a breach of settlement agreement that resulted in the dismissal of a case does not automatically give rise to federal jurisdiction in a subsequent federal action. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994) (an agreement that is part of the dismissal of a case in federal court "is not a sufficient basis for a federal court's jurisdiction"); *Hajro v. United States Citizenship & Immigration Servs.*, 811 F.3d 1086, 1099 (9th Cir. 2016) (a "district court does not have the inherent power to enforce the terms of a settlement agreement under the doctrine of ancillary jurisdiction"); *Harry v. Perkins*, 735 Fed. App'x. 296, 297 (9th Cir. 2018) (an alleged breach of the terms of a private settlement agreement against prison officials, absent more, is not enforceable in federal court). In general, "[e]nforcement of [a]settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires

---

enforce the settlement agreement. (Doc. 78 at 2, fn. 2).

2

its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378.  Instead, federal courts have authority to enforce a settlement agreement only while the litigation is still pending, when the settlement agreement is referenced in the dismissal order, or when the court has retained jurisdiction to enforce the agreement.  *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994); *Kelly v. Wengler*, 822 F.3d at 1085, 1094 (9th Cir. 2016).

Alternatively, under Rule 60(b)(6), a district court may relieve a party "from a final judgment, order, or proceeding for . . . any . . . reason justifying relief from the operation of the judgment."  However, only "extraordinary circumstances" justify relief under the rule.  *United States v. Sparks*, 685 F.2d 1128, 1129 (9th Cir.1982).  The Ninth Circuit has agreed with its sister circuits that "[r]epudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order."  *Keeling v. Sheet Metal Workers Int'l Ass'n, Loc. Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) (collecting cases).  However, a court must find that events leading to the settlement agreement's repudiation were "sufficiently extraordinary" to reopen a case.  *Id.*  (finding that based on "specific acts," the repudiation was "perceived as bad faith noncompliance").  Nevertheless, repudiation by a party alone is not an extraordinary circumstance warranting relief under Rule 60(b)(6).  *See id.* at 410.  Indeed, "[i]n the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not . . . reopen the underlying litigation after dismissal."  *Id.*

ANALYSIS

At the outset, Defendants in the instant action were never served, did not waive service, and did not make a general appearance.  *See* docket.  Instead, counsel specially appeared for the unserved Defendants in this case in the *Bowman* matter for the sole purposes of settlement. (Doc. 66; *Bowman*, Doc. 74).  Thus, this court does not have jurisdiction over any of the Defendants in this matter.

Further, neither this matter nor the *Bowman* matter remains pending.  Nor is the settlement agreement referenced in either matter's dispositional documents, *i.e*, Rule 41 stipulated dismissal.  (Doc. 66; *Bowman*, Doc. 81).  Nor did the court issue an order reserving jurisdiction or

3

incorporating the settlement terms into its dismissal order. (Doc. *Bowman*, Doc. 89 at 2 (citing *Bowman*, Doc. 81)). *See, e.g., Kelly v. Wengler*, 822 F.3d 1085, 1095 (9th Cir. 2016) (the stipulation for dismissal explicitly incorporated the parties' settlement agreement, the settlement agreement was attached as an exhibit to the stipulation, and in the agreement "the parties agreed the district court would retain ancillary jurisdiction to enforce the agreement"); *Kokkonen*, 511 U.S. at 381; *Kang v. Harrison*, 789 Fed. App'x. 68, 69 (9th Cir. 2019) (where a district court's dismissal order contained an explicit provision retaining jurisdiction to enforce a settlement agreement, the provision was sufficient to confer subject matter jurisdiction upon that district court to enforce the parties' settlement agreement). Moreover, the settlement agreement states "the terms, conditions, and provisions of this Agreement are governed by and interpreted under California state law." (Doc. 81 at 10, Exh. A).

Because the order dismissing this case dismissed the action with prejudice without retention of federal jurisdiction, federal jurisdiction over this action terminated upon the Court's dismissal of this action. Accordingly, Plaintiff's allegations that the Defendants have breached the Settlement Agreement in this action must be raised in state court. *See* 18 U.S.C. § 3626(c)(2).

Alternatively, even if the Court construes the motion as brought under Federal Rule of Civil Procedure 60(b)(6), Plaintiff provides no facts from which this Court could infer any extraordinary circumstances to find repudiation. The only basis Plaintiff asserts is that the settlement payment exceeded the good faith 180-day target by 17 days. But a mere delay in payment does not constitute extraordinary circumstances to repudiate a settlement agreement. *DePonte v. Bowman*, No. 2:24-CV-01262-DJC-CSK, 2026 WL 249612, at *2 (E.D. Cal. Jan. 30, 2026) (finding delay in payment of the settlement amount does not qualify as an extraordinary circumstance warranting relief under Rule 60(b)) (citing *Lipsey v. Davey*, No. 1:17-cv-01706-DAD-SAB, 2020 WL 4430579, at *5 (E.D. Cal. July 31, 2020)). Thus, Plaintiff provides no grounds for relief under Rule 60(b).

Accordingly, it is ORDERED:

These Amended Findings and Recommendations supersede the Findings and Recommendations issued on December 29, 2025 (Doc. 78).

4

Further, it is RECOMMENDED:

Plaintiff's motion to enforce the settlement agreement and assess late penalties (Doc. 71) be DENIED.

### NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Dated:    February 27, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5