UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE, | Case No. 1:24-cv-00695-KES-HBK (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT |
| v. | |
| STOHL, et al., | Docs. 71, 78, 79, 82 |
| Defendants. | |

This case was closed on May 23, 2025, following a settlement agreement reached between Plaintiff and the California Department of Corrections and Rehabilitation ("CDCR") in this action and a companion case, *DePonte v. Bowman,* Case No. 2:24-cv-01262-DJC-CSK. Doc. 67.  On October 1, 2025, Plaintiff moved to enforce payment and late penalties, reporting non-payment of the settlement funds.  Doc. 71.

On December 29, 2025, the magistrate judge recommended denying the motion as moot, based on the confirmation that settlement funds had been processed and paid in October 2025. Docs. 76, 78.  Plaintiff filed objections, arguing the motion was not moot due to the delay in payment. *See* Doc. 79.

On February 27, 2026, the magistrate judge issued amended findings and recommendations. Doc. 82.  The magistrate judge observed that the Court did not retain jurisdiction or incorporate the settlement terms into a dismissal order. *Id.* at 3-4.  The magistrate

judge found that this Court lacks authority to enforce the private agreement under the doctrine of ancillary jurisdiction, and that "allegations that the Defendants have breached the Settlement Agreement in this action must be raised in state court." *Id.* at 4 (citing 18 U.S.C. § 3626(c)(2)). The magistrate judge recommended the Court deny the motion to enforce the settlement agreement. *Id.* at 5.

On March 9, 2026, Plaintiff filed timely objections to the amended findings and recommendations. Doc. 83. Plaintiff maintains the district court retains jurisdiction because Defendants admitted to violating the settlement agreement's 180-day payment provision by paying the settlements funds after the 180 days had expired. *Id.* at 1-2. Plaintiff appears to seek late payment penalties. *Id* at 3. Plaintiff argues that the district court is empowered to enforce the settlement agreement because the "settlement agreement has been made a part of the order of dismissal such as a provision retaining jurisdiction over the settlement agreement." *Id.* at 2.

Contrary to Plaintiff's assertion, this Court did not retain jurisdiction when dismissing the action. Rather, the order closing the case stated, in its entirety:

> On May 22, 2025, the parties filed a stipulation of dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41. Doc. No. 66 . In light of the stipulated dismissal, this action is terminated by operation of law without further order from the Court. Fed. R. Civ. P. 41(a)(1)(A)(ii). This Court VACATES all pending dates and matters, directs the Clerk of the Court to CLOSE THIS CASE and to send a copy of this Text Only Minute Order to Plaintiff who is a non-CMECF participant.

Doc. 67. The order did not include a reservation of jurisdiction following the dismissal of the case. *Id.*

As the magistrate judge observed, a "district court does not have the inherent power to enforce the terms of a settlement agreement under the doctrine of ancillary jurisdiction." *Hajro v. U.S. Citizenship & Immig. Servs.*, 811 F.3d 1086, 1099 (9th Cir. 2016). Enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). This Court lacks an independent basis for jurisdiction over Plaintiff's claim regarding late payment under the settlement agreement. *See DePonte v. Bowman*, 2026 WL 249612, at *2 (E.D. Cal. Jan.

2

29, 2026) (similarly finding Court lacks jurisdiction to enforce this settlement agreement between the parties).

Consistent with 28 U.S.C. § 636(b)(1), this Court reviewed this matter de novo. Having carefully reviewed the matter, including the objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis. The Court ORDERS:

1.    The amended findings and recommendations dated February 27, 2026 (Doc. 82) are ADOPTED in full.

2.    The findings and recommendations dated December 29, 2025 (Doc. 78) shall be TERMINATED.

3.    Plaintiff's construed motion to enforce the settlement agreement (Doc. 71) is DENIED.

IT IS SO ORDERED.

Dated:    June 9, 2026

UNITED STATES DISTRICT JUDGE

3